# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**ANTHONY BALDUCCI,**            CASE NO. 1:22 CV 299

    Petitioner,

    v.                         JUDGE JAMES R. KNEPP II

**KEITH FOLEY, WARDEN,**

    Respondent.             **MEMORANDUM OPINION AND ORDER**

Petitioner Anthony Balducci ("Petitioner"), a prisoner in state custody, filed a *pro se* Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1); *see also* Doc. 4 (Petitioner's Merit Brief). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On November 6, 2024, Judge Clay issued an R&R recommending the Court deny and dismiss the Petition. (Doc. 15). Petitioner filed objections to the R&R. (Doc. 17).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and dismisses Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed February 15, 2022, stems from Petitioner's 2019 Ohio state court convictions on a guilty plea to murder and having weapons under disability. *State v. Balducci*, 2020 WL 6796973, at *1 (Ohio Ct. App.). In his habeas Petition, Petitioner raises three grounds for relief:

> Ground One: Petitioner was deprived of procedural due process by the trial court denying the presentence motion to withdraw plea on the basis of ineffective counsel and innocence.
>
>> Supporting Facts: Petitioner's trial counsel failed to research, prepare and investigate for trial, instead convincing him to plead guilty despite his innocence. When presented with these facts, the trial court refused to permit presentence withdrawal of the plea.
>
> Ground Two: Petitioner was deprived of the effective assistance of counsel on direct appeal.
>
>> Supporting Facts: Petitioner's direct appeal counsel failed to present an assignment of error addressing the deprivation of effective assistance of counsel at the trial court level proceedings where counsel induced a guilty plea rather than research, prepare and investigate for trial, and despite Petitioner's protestations of innocence. This procedurally defaulted the issue for federal review.
>
> Ground Three: Petitioner was deprived of the effective assistance of counsel throughout the trial court, plea and sentencing proceedings.
>
>> Supporting Facts: Petitioner's trial counsel failed and/or refused to properly research, prepare or investigate for trial, instead focusing solely upon inducing a guilty plea with assurances that the trial could not be won, without making a reasoned decision not to investigate, and despite Petitioner's continuing protestations of innocence. Notably, it has been discovered that another individual has since confessed to the crime.

(Doc. 1, at 5, 7, 8).

In his R&R, Judge Clay recommends the Court find Ground One non-cognizable in part and meritless in part; Ground Two procedurally defaulted; and Ground Three duplicative of Ground One. *See* Doc. 15, at 23-35.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory[.]" *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review[.]" *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 17). For the reasons stated below, the Court overrules Petitioner's objections, and adopts the R&R *in toto*.

First Objection

In his first objection, related to Ground One of the Petition, Petitioner contests the R&R's conclusion that the trial court hearing on Petitioner's motion to withdraw his guilty plea was not

3

fundamentally unfair because "[a] review of the record shows Mr. Balducci fully articulated to the trial court his reasons for wanting to withdraw the plea." (Doc. 17, at 2) (quoting Doc. 15, at 25). He contends this factual finding regarding the trial court transcript is clearly erroneous and that the legal conclusion is incorrect. *Id.* at 2-5. He also asserts the Magistrate Judge's legal conclusion "is based upon affording a presumption of correctness to the State Court factual findings that are unreasonable in light of the evidence." *Id.* at 2.

In essence, Petitioner contends he was not provided a full opportunity to be heard on his motion to withdraw his guilty plea in state court. As the Magistrate Judge clearly explained, there is no federal constitutional right to withdraw a guilty plea nor to a hearing on a motion to withdraw a guilty plea, and a claim that the trial court erred in deciding such a motion is not a cognizable ground for habeas relief. *See* Doc. 15, at 23; *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

There is a narrow exception to this rule, allowing federal habeas relief for a state law violation where such interpretation or application of state law rendered the trial so fundamentally unfair as to have deprived a petitioner of substantive due process in violation of the Constitution. *See Estelle*, 502 U.S. at 67-68; *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993) (holding a federal court may not grant habeas relief on state law issue unless the "error rises to the level of depriving the defendant of fundamental fairness in the trial process[.]"). The Supreme Court defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial. *Dowling v. United States*, 493 U.S. 342, 352 (1990). Specifically, such violations are restricted to offenses against "some principle of justice so rooted in the traditions and conscience

4

of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 43 (1993) (quoting *Patterson v. New York*, 432 U.S. 197, 201-02 (1977)).

The Court agrees with the R&R's thorough analysis and well-explained conclusion that the state court hearings addressing Petitioner's motion to withdraw were not fundamentally unfair so as to rise to the level of a federal due process violation. *See* Doc. 15, at 25-27; Doc. 8-2, at 32-49 (October 31, 2019 sentencing hearing transcript), 50-56 (November 6, 2019 hearing at which Petitioner obtained new counsel), 57-118 (November 14, 2019 hearing on motion to withdraw guilty plea). In contrast to Petitioner's contention that he "was not provided an actual legitimate opportunity to be heard" (Doc. 17, at 3), the Court agrees with the Magistrate Judge's conclusion that he "fully articulated to the trial court his reasons for wanting to withdraw the plea" between his statements at the sentencing hearing, subsequent briefing from counsel, and arguments at the hearing on his motion to withdraw (Doc. 15, at 25). Therefore, upon *de novo* review, the Court overrules Petitioner's first objection.

Second Objection

In his second objection, Petitioner again objects "both to the underlying factual finding and the ultimate legal conclusion" regarding his claim in Ground One alleging ineffective assistance of trial counsel. (Doc. 17, at 6). He contends:

> The Magistrate's legal conclusion that Petitioner: "does not establish either his guilty plea was involuntary or that his attorneys' performance was constitutionally deficient", is based upon affording the presumption of correctness to the State Court's factual findings that are unreasonable in light of the evidence.

*Id.* (quoting Doc. 15, at 30). Petitioner argues the Magistrate Judge failed to fully consider his claim that counsel was ineffective for failure to investigate a third-party who confessed to the crime. *Id.* at 6-7. He further contends counsel failed to investigate DNA evidence, determine the timing of the videos referenced, "[e]licit a report" that there was no gunshot residue on Petitioner

5

or his car, and engage experts in blood spatter or fingerprints. *Id.* at 8. He contends this ineffectiveness of counsel renders his guilty plea involuntary because he lacked the "advice of competent counsel" at the time of his plea. *Id.* at 9 (quoting *Tollett v. Henderson*, 411 U.S. 258, 265 (1973)).

As the R&R comprehensively explains, Petitioner's habeas claim faces two hurdles—first, he must show his guilty plea was not knowing and voluntary, and second, he must show his attorneys' advice to enter that plea was constitutionally deficient. *See* Doc. 15, at 29. The state court here determined Petitioner entered his guilty plea voluntarily. *Balducci*, 2020 WL 6796973, at *5-6. It further determined that, "[a]lthough Balducci also stated that he wanted his lawyers to investigate his case differently, th[e] record provide[d] no substantive support for his claim of innocence or available defenses." *Id.* at *6. The State court also found the State's investigator had ruled out the third-party confessor as a suspect. *Id.* at *4. On *de novo* review, the Court agrees with and adopts the R&R's analysis that (1) Petitioner has not rebutted the presumption of correctness applied to the state court's factual findings by clear and convincing evidence, 28 U.S.C. § 2254(d); and (2) the state court's determination that Petitioner's plea was entered voluntarily and Petitioner had not shown his counsel to be ineffective was not an unreasonable application of clearly established law. *See* Doc. 15, at 30. Although Petitioner now presents a litany of investigative steps he thinks counsel should have taken, this is not the standard. *See Yargorough v. Gentry*, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight."); *Kendrick v. Parris*, 989 F.3d 459, 469 (6th Cir. 2021) (holding a petitioner's "[r]eliance on 'the harsh light of hindsight' to second-guess his counsel's competence in the crucible of trial 'is precisely what *Strickland* and AEDPA seek to prevent.'") (quoting *Harrington v. Richter*, 562 U.S. 86, 107 (2011)); *Premo v. Moore*, 562 U.S. 115, 124-25

(2011) (noting importance of *Strickland* deference to decisions regarding plea bargaining). Petitioner's second objection is overruled.

Third Objection

In his third objection, directed at the Magistrate Judge's resolution of Ground Two, Petitioner contends:

> The Magistrate's legal conclusion that Petitioner failed to overcome the procedural default that attached to the ineffective appellate counsel claims due to counsel's errors . . . , is based upon affording the presumption of correctness to the State Court's factual findings which are unreasonable in light of the evidence and is clearly erroneous.

(Doc. 17, at 9). Petitioner specifically contends the R&R misapplied *Martinez v. Ryan*, 566 U.S. 1 (2012), and that he "has presented significant evidence of actual innocence [which] was also erroneously disregarded by the Magistrate in order to ignore the ineffective assistance of appellate counsel claim." (Doc. 17, at 9-10).

The Court disagrees with Petitioner's contention that the R&R misapplied *Martinez*. The R&R correctly concluded the narrow exception created by *Martinez* applies only to ineffective assistance of trial counsel claims, and not to ineffective assistance of appellate counsel claims. *See Davila v. Davis*, 582 U.S. 521, 530-35 (2017) (noting *Martinez/Trevino* exception "was principally concerned about *trial errors*—in particular, claims of ineffective assistance of *trial* counsel," and explaining "[t]he equitable concerns raised in *Martinez* therefore do not apply" to claims of ineffective assistance of appellate counsel) (emphasis in original); *Porter v. Genovese*, 676 F. App'x 428, 434 (6th Cir. 2017) ("*Martinez/Trevino*'s limited exception does not extend to claims of ineffective assistance of appellate counsel.") (citing *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013)).

7

Nor is Petitioner's contention that the Magistrate Judge ignored "significant evidence of actual innocence" supported. Preliminarily, Petitioner does not, in his objections, specify what this "significant evidence" consists of. Moreover, the R&R addressed the evidence Petitioner pointed to and found it did not meet the high standard for "actual innocence" set by the Supreme Court to excuse a procedural default. (Doc. 15, at 34-35). On *de novo* review, the Court agrees with this analysis in its entirety. Petitioner's third objection is overruled.

Objection Regarding Evidentiary Hearing

Finally, Petitioner raises the following objection:

In this case, the Magistrate previously rendered a factual finding that "The supreme Court has severely limited the authority of District Courts to hold such hearings, and has largely confined us to deciding cases entirely from the state court record. *Cullen v. Pinholster*, 563 U.S. 170 (2011)" (Doc. #46, PAGEID#1609). Petitioner objects to this passage as the sole response to his request for an evidentiary hearing in this case.

(Doc. 17, at 10).

At the outset, there is no document number 46, nor any PAGEID number 1609 in the instant case, so it is not entirely clear to the Court to what Petitioner intends to refer. The Magistrate Judge in this case previously ruled that Petitioner was not entitled to an evidentiary hearing in this case. (Doc. 12). Petitioner objected to that Order (Doc. 13), and the Court overruled that objection (Doc. 14). Upon *de novo* review, the Court again finds no error in the Magistrate Judge's conclusion that an evidentiary hearing is not appropriate in this case.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Clay's R&R (Doc. 15) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Docs. 1, 4) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2025